**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROBERT-KARIM BESNIER,
MARK SMART, KENNETH BIBBS,
ERIC LEE, AND MIGUEL MARMOLEJO,
individually and on behalf of
all others similarly situated,

Plaintiffs,

v.

MB GLOBAL LOGISTICS, INC. and
ANDRIUS ZEMAITIS,

Defendants.

Case No. 1:25-cv-07932

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

## I. INTRODUCTION

1. This is an action brought on behalf of current and former delivery drivers challenging Defendant MB Global, Inc.'s ("MB Global") unlawful practices of misclassifying its drivers as independent contractors and making unlawful deductions from delivery drivers' wages and requiring them to bear expenses which should have been properly borne by MB Global. Plaintiffs also contend that, as a result of the deductions and expenses they and other drivers were forced to incur, there were weeks in which the delivery drivers' pay fell below minimum wage. Plaintiffs contend that, although they and other delivery drivers were classified by MB Global as independent contractors, they were, in fact, employees of MB Global. Plaintiff also contends that Defendant Andrius Zemaitis is individually liable by virtue of his role within MB Global, creating and overseeing MB Global's unlawful classification and compensation practices.

2. Plaintiffs Robert-Karim Besnier, Mark Smart, Kenneth Bibbs, Eric Lee, and Miguel Marmolejo ("Plaintiffs") bring this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have contracted with MB Global to provide delivery services for MB Global between July 2015 and the present. Plaintiffs allege that, as a result of MB Global's policies, illegal deductions were made from their and other delivery drivers' wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9. Plaintiffs also allege, in the alternative to their deductions claim, that MB Global unlawfully required them and others similarly situated to incur expenses that should have properly been borne by Defendants in violation of 820 Ill. Comp. Stat. 115/9.5.

3. Plaintiffs Besnier, Lee and Marmolejo also bring this case as a collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of all current and former delivery drivers who have provided delivery services for MB Global between July 2022 and the present. Plaintiffs allege that, as a result of Defendants' policies, and the deductions made from their and other delivery drivers' pay, Plaintiffs and other delivery drivers received less than the minimum wage, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

4. Plaintiffs also allege that, as a result of its unlawful wage practices, MB Global was unjustly enriched.

## II. THE PARTIES

4. Plaintiff Robert-Karim Besnier is an adult resident of Acworth, Georgia. Plaintiff Besnier provided trucking services for MB Global in Illinois as a truck driver between approximately January 2025 and April 2025. During this time, Plaintiff Besnier was classified as an independent contractor.

5. Plaintiff Mark Smart is an adult resident of Branch, Michigan. Plaintiff Smart

provided trucking services for MB Global in Illinois as a truck driver between approximately August 2025 and December 2025. During this time, Plaintiff Smart was classified as an independent contractor.

6. Plaintiff Kenneth Bibbs is an adult resident of Philadelphia, Pennsylvania. Plaintiff Bibbs provided trucking services for MB Global in Illinois as a truck driver between approximately May 2024 and July 2024. During this time, Plaintiff Bibbs was classified as an independent contractor.

7. Plaintiff Eric Lee is an adult resident of Bessemer, Alabama. Plaintiff Lee provided trucking services for MB Global in Illinois as a truck driver between approximately August 2024 and October 2024. During this time, Plaintiff Lee was classified as an independent contractor.

8. Plaintiff Miguel Marmolejo is an adult resident of Pleasantville, New Jersey. Plaintiff Marmolejo provided trucking services for MB Global in Illinois as a truck driver in September 2025. During this time, Plaintiff Marmolejo was classified as an independent contractor.

9. Defendant MB Global is an Illinois corporation headquartered in Elmhurst, Illinois. It does business in Illinois and is registered with the Illinois Secretary of State.

10. According to Defendant MB Global's website, MB Global has "expertise on the road and in the logistics business" "dedicated to supporting both our drivers and clients. Timely deliveries, safe journeys, and top-notch service are guaranteed!"[1]

11. Defendant Andrius Zemaitis ("Zemaitis") is an Illinois resident and is the President and Secretary of MB Global. In this capacity, Zemaitis possesses and exercises the authority to make or participate in decisions concerning drivers' compensation; implement and

[1] https://mbglogistics.com/about-us/ (last visited July 11, 2025).

enforce rules affecting the material terms of drivers' work, employment, and compensation; hire drivers, supervise their work, and impose discipline on them.

## III. JURISDICTION AND VENUE

12. The Court has personal jurisdiction over Plaintiffs and the class they seek to represent because they worked in the State of Illinois for Illinois employers and/or are citizens of the state of Illinois.

13. The Court has personal jurisdiction over Defendants because Defendants reside in Illinois, do business in the State of Illinois, and their conduct in the State of Illinois underlies all claims in this suit.

14. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

15. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

16. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this lawsuit occurred in this District.

## IV. STATEMENT OF FACTS

17. Plaintiffs were hired by MB Global to perform deliveries in Illinois and across the United States.

18. Plaintiffs were required to sign an independent contractor agreement with MB Global.

19. Plaintiffs Besnier, Lee, Bibbs and Marmolejo leased trucks and trailers from MB Global. Plaintiff smart drove a company truck which belonged to MB Global. All of Plaintiffs' trucks and trailers had markings on them displaying the MB Global insignia.

20. Plaintiffs worked for MB Global full time, up to 70 hours a week. They did not work anywhere else while working for MB Global.

21. Plaintiffs and other delivery drivers were required to regularly check in with MB Global dispatchers to take their instructions as to which loads to haul, where and when to pick up these loads.

22. Plaintiffs and other delivery drivers were also required to comply with MB Global's strict time constraints for deliveries and other instructions and were required to regularly report to MB Global staff and MB Global's office in Illinois.

23. Plaintiffs were paid on a percentage-of-the-load basis for the deliveries they made.

24. Throughout the course of Plaintiffs' employment, MB Global made deductions from their pay for items including escrow, truck payments, and occupational accident and cargo insurance, fuel and tolls, which often came to thousands of dollars per week. Plaintiffs did not authorize these deductions.

25. In addition, Plaintiffs' take-home pay was significantly below minimum wage in a number of the weeks during which Plaintiffs worked for MB Global. The deductions which Plaintiffs were forced to incur directly contributed to bring their pay below minimum wage.

26. For example, for the week ending March 31, 2025, despite working more than 40 hours, Plaintiff Besnier's pay statement indicates that he *owes* $2,832.28 to MB Global.

27. Likewise, for the week ending August 30, 2024, despite working approximately 20 hours, Plaintiff Lee's statement shows that he *owes* $1,284.85 to MB Global.

28. Finally, in his final week of work, Plaintiff Marmolejo also received a pay statement indicating that he owes money to MB Global.

29. Although MB Global classified Plaintiffs and other delivery drivers as independent contractors, the behavior and financial control manifested over the drivers by MB Global

demonstrates that they were employees of MB Global.

30. Plaintiffs and other class members were required to pick up trucks and trailers from MB Global's Yard in Illinois.

31. Plaintiffs and other class members were hired by MB Global in Illinois at MB Global's office, were required to pick up and deliver freight for MB Global in Illinois, and received directions regarding their deliveries from MB Global dispatchers and management team in Illinois.

32. MB Global controlled every aspect of their drivers', including Plaintiffs', work. Such control included, but was not limited to the following:

A. MB Global required Plaintiffs and other similarly situated drivers to comply with instructions dictated by written and unwritten policies, procedures, and directives regarding Plaintiffs' and other similarly situated drivers' duties.

B. Plaintiffs and other delivery drivers were required to report to MB Global's facilities regularly. For example, Plaintiffs and other drivers were regularly required to come to MB Global's Illinois office to have their equipment serviced.

C. The trucks and trailers Plaintiffs and class members drove bore MB Global insignia and markings.

D. Plaintiffs, as well as other similarly situated drivers, were required to report to or contact dispatchers employed by MB Global to receive delivery assignments, to report when they picked up and reopped off loads, and to report any issues with their assigned deliveries.

E. MB Global instructed Plaintiffs and other similarly situated drivers which loads to pick up, the location of the loads/goods to be delivered, as well as

the time frames for loading and unloading. Additionally, MB Global dictated the time by which each delivery must be made. MB Global's dispatchers and supervisors also communicated with Plaintiff and similarly situated drivers while they were driving via telephone in order to convey instructions and otherwise oversee the drivers.

F. Plaintiffs and other similarly situated drivers had GPS devices on their vehicles, which allowed MB Global to track the drivers throughout the day.

G. MB Global subjected drivers, including Plaintiffs, to a variety of deductions, including, but not limited to, deductions for escrow, truck payments, and occupational accident and cargo insurance, fuel and tolls, among others.

H. If Plaintiffs or other similarly situated drivers wished to take time off, they were required to give timely advance notice to MB Global, with the Plaintiffs and other similarly situated drivers disciplined or terminated for failure to provide such notice.

33. Plaintiffs and other delivery drivers performed work which is in the usual course of business of MB Global — *i.e.* they were truck drivers who performed delivery services and MB Global is engaged in business of providing trucking delivery services to their customers.

34. Plaintiffs and other delivery drivers drove trucks which were under MB Global's DOT Number.

35. MB Global required Plaintiffs and putative class members to submit all bills of lading, logbooks, and other required paperwork to MB Global's office in Illinois.

36. At no time during their employment were Plaintiffs and other similarly situated drivers allowed to have their own customers nor did they ever have their own customers. Further, they could not choose and did not choose their own routes for delivery of cargo, could not and

did not receive compensation or otherwise exchanged payment for their delivery other than being compensated by MB Global and could not and did not negotiate any matters or bargains with any customers or brokers.

37. Plaintiffs and other similarly situated truck drivers shared similar job titles, followed the same policies and practices, performed similar duties, and as a result of MB Global's common scheme of misclassification and applications of unlawful deductions, were similarly denied compensation in violation of the IWPCA and the FLSA.

## V. CLASS ALLEGATIONS

38. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following IWCPA Class:

> all other persons who contracted to provide trucking delivery services for MB Global as delivery drivers in Illinois, and who personally provided trucking delivery services to MB Global, who have either been classified as independent contractors or have not been paid or treated as employees during the relevant statutory period.

39. The members of the class are so numerous that joinder of all members is impracticable. Plaintiffs believe that the Class numbers exceed forty (40) members.

40. Common issues of law and fact predominate the claims of the class. Specifically, all claims are predicated on a finding that MB Global misclassified its drivers as independent contractors when they were in fact employees. In short, the claims of the named Plaintiff are identical to the claims of the class members.

41. The named Plaintiffs are adequate representatives of the class because all class members were subject to MB Global's uniform practices and policies. Further, Plaintiffs and the potential class plaintiffs have suffered the same type of economic damages as a result of MB Global's practices and policies.

42. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

43. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## VI. COLLECTIVE ALLEGATIONS

44. Plaintiffs Besnier, Lee, and Marmolejo's FLSA claims should proceed as a collective action on behalf of all similarly situated individuals who worked as delivery drivers for MB Global during the past three years who may choose to opt-in to this case.

45. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which MB Global did not pay drivers at least the minimum wage for all hours worked, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

### Count I
### Illinois Wage Payment and Collection Act
### (Unlawful Deductions)

46. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

47. At all relevant times, Plaintiffs and members of the proposed class were

"employees" of Defendants as defined by the IWPCA.

48. At all relevant times, Defendants were employers of Plaintiffs and proposed class members as defined by the IWPCA.

49. The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making unauthorized deductions from employees' wages.

50. MB Global violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiffs' and class members' wages.

51. Andrius Zemaitis violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by permitting and directing MB Global to make unlawful deductions from Plaintiffs' and the proposed class members' wages.

52. Plaintiffs seek reimbursement for all unlawful deductions taken by MB Global from his and class members' pay.

**Count II**
**Illinois Wage Payment and Collection Act**
**(Expenses – In the Alternative to Count I)**

53. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

54. At all relevant times, Plaintiffs and the proposed class members were "employees" of Defendants as defined by the IWPCA.

55. At all relevant times, Defendants were employers of Plaintiffs and the proposed class as defined by the IWPCA.

56. MB Global violated Section 115/9.5 of the IWPCA by failing to reimburse Plaintiffs and other class members who worked for them since January 1, 2019 for expenditures

they incurred related to services performed for the Defendants from January 1, 2019 to the present.

57. Andrius Zemaitis violated the IWPCA, 820 Ill. Comp. Stat. 115/9.5, by permitting drivers to incur expenses related to their work for MB Global that should have been borne by Defendants.

58. Plaintiffs seek reimbursement for all unlawful expenses they and the proposed class members were forced to incur as part of their work for Defendants.

**Count III**
**Fair Labor Standards Act**
**(Minimum Wage – Plaintiffs Besnier, Lee and Marmolejo)**

59. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

60. MB Global regularly failed to pay Plaintiffs and the members of the putative FLSA collective the statutory minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

61. Under the FLSA, 29 U.S.C. § 206, Defendants were required to pay Plaintiffs and the members of the putative collective minimum wage for all hours worked.

62. However, due to the improper deductions Defendants made from Plaintiffs' and FLSA collective members' pay, the wages of Plaintiffs and the members of the FLSA Collective regularly fell below the minimum wage.

63. Defendants' conduct was willful and intentional, in that Defendants knew, required, approved and/or suffered or permitted Plaintiffs and members of the FLSA collective to work hours for which they were not paid at the federal minimum wage.

64. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

**Count IV**
**Unjust Enrichment**
**(In the alternative to Counts I and II)**

65. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

66. As a result of MB Global's mischaracterizing of Plaintiffs and the proposed class as "independent contractors," Plaintiffs and members of the proposed class were forced to pay substantial sums of money for work-related expenses, including but not limited to costs associated with operating and maintaining the trucks they drove.

67. Further, by mischaracterizing Plaintiffs and the proposed class as "independent contractors" MB Global evades employment-related obligations, specifically workers' compensation coverage. MB Global illegally shifts these costs to Plaintiffs and class members.

68. By wrongly characterizing Plaintiffs and class members as "independent contractors," MB Global is able to save significant sums of money that it otherwise would be forced to expend on workers' compensation insurance.

69. By misclassifying its employees as "independent contractors," and by requiring those employees to pay their expenses, MB Global has been unjustly enriched.

**Prayer for Relief**

WHEREFORE, Plaintiffs request that the Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3);

2. An order appointing Plaintiffs as class representatives and their counsel as class counsel;

3. An order enjoining Defendants from violating the IWPCA and FLSA;

4. Restitution of all unpaid wages;

5. Restitution for all deductions taken from Plaintiffs' and class members' wages;

6. Restitution for all MB Global's operating expenses that Plaintiffs and class members were forced to bear;

7. Prejudgment interest on the unpaid wages in accordance with 815 Ill. Comp. Stat. 205/2;

8. Statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

9. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

10. Payment of all wages due to Plaintiffs and members of the collective;

11. Liquidated damages under the FLSA;

12. Attorney's fees and costs;

13. Any other relief to which Plaintiffs and the Class/Collective members may be entitled.

DATED: December 23, 2025

Respectfully Submitted,

ROBERT-KARIM BESNIER, MARK SMART, KENNETH BIBBS, ERIC LEE, and MIGUEL MARMOLEJO, individually and on behalf of all others similarly situated,

By their attorneys,

/s/ Olena Savytska
Harold Lichten (*pro hac vice*)
Olena Savytska (*pro hac vice*)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

Bradley Manewith, IARDC # 6280535
Lichten & Liss-Riordan, P.C.
5 Revere Drive, Suite 200
Northbrook, IL 60062

Tel. (617) 994-5800
Fax (617) 994-5801
bmanewith@llrlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel of record through the Court's ECF system this 23rd day of December, 2025.

s/ Olena Savytska

Olena Savytska