**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT-KARIM BESNIER, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-cv-7932 |
| v. | ) | |
| | ) | Magistrate Judge Keri L. Holleb Hotaling |
| MB GLOBAL LOGISTICS, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Zemaitis has filed a Motion to Dismiss Plaintiffs' First Amended Class Action Complaint. [Dkt. 49, 50.] Defendant MB Global Logistics, Inc. has also filed a Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (together with Defendant Zemaitis's motion to dismiss, the "Motions to Dismiss"). [Dkt. 57, 58.] Concurrently, Plaintiffs filed a Renewed Motion to Facilitate Notice Pursuant to Section 216(B) of the Fair Labor Standards Act and Under *Richards v. Eli Lilly & Co.* (the "Motion for Conditional Certification"). [Dkt. 67.] The Motions to Dismiss and the Motion for Conditional Certification are fully briefed and pending a final decision.

Before the Court is Defendants' fully briefed Opposed Motion for Stay of Discovery Pending this Court's Ruling on Defendants' Motions to Dismiss Plaintiff's First Amended Complaint (the "Motion to Stay") [Dkt. 73] and Defendants' Unopposed Motion for Extension of the Fact Discovery Deadline (the "Motion to Extend Discovery") [Dkt. 88]. For the reasons articulated below, the Motion to Stay [Dkt. 73] is GRANTED IN PART and DENIED IN PART and the Motion to Extend Discovery [Dkt. 88] is GRANTED.

A Court may, for good cause, limit the scope of discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). In determining whether good cause exists to stay discovery during the pendency of a motion to dismiss,

courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court. *Harper v. Cent. Wire, Inc.*, No. 19-cv-50287, 2020 WL 5230746, at *1 (N.D. Ill. Sept. 2, 2020); *Rodriguez v. Ford Motor Company*, 21-cv-2553, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022). Additionally, "[s]tays are often deemed appropriate where the motion to dismiss can resolve a threshold issue[.]" *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08-cv-1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008); *see also Vital Proteins, LLC v. Ancient Brands, LLC*, No. 22-cv-2265, 2023 WL 5671857, at *3 (N.D. Ill. Sept. 1, 2023) ("[W]hile the filing of a motion to dismiss does not automatically stay discovery, staying discovery during the pendency of such a motion is 'not disfavored and [is] often appropriate where the motion to dismiss can resolve the case.'"). Here, Defendants have shown that all factors the Court must consider weigh in favor of a discovery stay with respect to the class action claims.

A discovery stay with respect to the class action claims during the pendency and resolution of Defendants' Motions to Dismiss and Plaintiff's Motion for Conditional Certification will not prejudice the Plaintiffs. Courts have consistently held that the "Court can discount '[t]he general prejudice of having to wait for resolution.'" *Medline Industries, Inc. v. C.R. Bard, Inc.*, No. 17-cv-7216, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019) (citing *Sorensen v. Black & Decker Corp.*, 2007 WL 2696590, at *5 (S.D. Cal. Sept. 10, 2007) ("The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay.")). Plaintiffs are entitled to discovery of certain information prior to filing a motion for class certification and a stay will necessarily delay Plaintiffs from obtaining information relevant to their potential Rule 23 class. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100-104 (1981); *Gebka v. Allstate Corporation*, No. 19-cv-6662, 2021 WL 825612, at *7 ("[P]recertification discovery is appropriate concerning Rule 23's threshold requirements[.]"). However, this argument is not relevant here as discovery has been ongoing for

2

several months and Plaintiffs already have a fully briefed Motion for Conditional Certification pending. [Dkt. 67]. It is apparent Plaintiffs already received sufficient information to have filed that motion. *Griggs v. Liv Enterprises, Inc.*, No. 23-cv-2089, 2024 WL 7008875, at *1 (N.D. Ill. July 16, 2024) (finding Plaintiffs would not be prejudiced by a stay where they already had a fully briefed motion for conditional certification pending). Additionally, Plaintiffs have not identified any witnesses or documents at risk of being lost if discovery is stayed; in contrast, Defendant argues Defendant is explicitly on notice of the scope of discovery and thus aware of their obligation to preserve evidence. [Dkt. 73 at 8]; *Rodriguez*, 2022 WL 704780, at *1. Likewise, Plaintiffs have not sought immediate injunctive relief or identified issues that might require more urgent attention, further indicating that a stay would not prejudice Plaintiffs. *Id*. This first factor weighs in favor of a stay.

A discovery stay as to the class action claims may simplify the issues. As discussed, a stay is often appropriate where a party has raised a potentially dispositive issue. *Rodriguez*, 2022 WL 704780, at *1-2. Defendants seek dismissal of the class action claims, arguing Plaintiffs executed agreements which included class action waivers. [Dkt. 73 at 3.] While this Court will not address the merits of Defendants' Motions to Dismiss, the Court finds "the fact that the issues raised could potentially be dispositive weighs in favor of staying discovery." *Rodriguez*, 2022 WL 704780, at *1-2. The Court's rulings on Defendants' pending motions have the potential to simplify the issues, including determining whether the class allegations will be dismissed and streamlining issues for trial. A ruling on Plaintiff's Motion for Conditional Certification may also assist both the parties and the Court manage the scope of discovery going forward. *Griggs*, 2024 WL 7008875, at *1. This second factor also weighs in favor of a stay. Lastly, a discovery stay as to the class action claims will reduce the burden of litigation on the parties and the Court.

3

While Defendants' Motion to Stay requests a stay as to all discovery, Defendants' arguments focus on a stay with respect to the class action claims. Defendants propose discovery proceed only as to the four named individual plaintiffs as an alternative to a complete stay. [Dkt. 73 at 15-17.] The Court will grant the latter request. For the reasons discussed above, Defendants' Motion to Stay [Dkt. 73] is granted in-part; discovery is to proceed only as to the four individually named Plaintiffs. Defendants' unopposed Motion to Extend Discovery [Dkt. 88] is also granted for the good cause detailed therein. The fact discovery deadline with respect to the four named individual plaintiffs is extended by 30 days, until June 18, 2026. The parties' May 19, 2026 joint status report date is stricken and reset to June 22, 2026.

**ENTERED: May 14, 2026**

Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge

4